OLLER, PETITIONER AND APPELLANT, v. SOLÁ ET AL., CONTESTANTS AND APPELLEES.

APPEAL from the District Court of San Juan in a Proceeding for Raising a Verbal Will to a Public Instrument.

No. 2068.—Decided April 9, 1920.

VERBAL WILL.—A verbal will made while in imminent danger of death is null and void although the requirements of law necessary for its validity are complied with, unless it is shown that it was impossible to write the will.

The facts are stated in the opinion.

*Mr. E. H. F. Dottin* for the petitioner.

*Messrs. M. F. Rossy* and *J. Martínez Dávila* for the contestants.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Mercedes Oller Tinajero filed a petition in the District Court of San Juan, Section 2, alleging that Constancia Tinajero Fernández, unmarried and sixty-five years old, died at her residence in this city of San Juan, P. R., on June 9, 1918, without any ascendants or descendants, having made a will two hours before her death in the presence of five witnesses designating as her sole heir her niece, the petitioner. By virtue thereof the petitioner asked that, following the procedure provided by law, the court take the testimony of the witnesses who heard Constancia Tinajero make her will and adjudge the result thereof to be her lawful will.

Concepción Solá, widow of Tinajero, opposed the petition in the names of her children Eloy and Salvador, nephews of Constancia, and María Josefa Tinajero, widow of Viader and sister of the supposed testatrix, also opposed it. Both of them alleged that it was not true that the will had been made, the former stating that Constancia Tinajero had de-

sired to name as her heirs all of her nephews and nieces in equal shares.

The case was removed to Section 1 of the district court and there evidence was examined consisting of the testimony of Saturnina Franco, Ana Gavilán, María Félix, Amanda Miranda, Víctor Maltes and E. H. F. Dottin for the petitioner, and M. F. Rossy for María Josefa Tinajero. The court took the case under advisement and, holding that the evidence did not prove the existence of the alleged will, entered judgment denying the petition. The petitioner appealed to this court and assigned in her brief that the court erred in weighing the evidence.

In accordance with section 709 of the Revised Civil Code, if the testator is in imminent danger of death, the will may be executed before five competent witnesses without the necessity of a notary. In such a case, according to section 711 of the same code, the will shall be written, when possible; otherwise the will shall be valid, even though the witnesses do not know how to write.

The statutes also determine the manner of converting into a public instrument a nuncupative will or codicile and prescribe that when it appears clearly and specifically from the testimony that the testator had the serious and deliberate intention of making his last will; that the witnesses and the notary, if any, heard simultaneously from the mouth of the testator all the dispositions that he wished to make in his last will, whether expressed by word of mouth or by reading or causing to be read any note or memorandum in which it was contained; that the number of witnesses was such as is required by law, according to the circumstances as to the time and place in which it was executed, and that said witnesses were qualified to act as such, the judge, acting on the testimony taken, shall admit the will of the testator to probate, without prejudice to the rights of strangers to the record, and shall order the proceedings to be entered of

record. See sections 1 to 8 of the Special Legal Proceedings Act of March 9, 1905. Compilation of 1911, section 1545.

Let us see whether the evidence shows that all the statutory requirements were complied with in this case.

The five witnesses who, according to the petitioner, heard the last will of the testatrix with regard to the disposition of her estate two hours before her death, testified before the district judge. The majority of them did not give their ages, and in their hurried testimony described their intervention in the act as follows: (1) Having been called late at night, they went to the house of Constancia Tinajero, who said in the presence of all that she wished to leave her properties to her niece Mercedes, the petitioner, because she was the only person who had attended her during her illness. That Constancia Tinajero was ill but conscious. That on the following day they were informed that she had died. Dottin testified that he was called on several occasions by Constancia Tinajero to draw up and attest her will, but when he arrived at the house she changed her mind; that on the night of June 9 he was called twice; that the first time he was not at home, but the second time, when he ascertained what he was wanted for, he replied: "Does she want me to make another trip from Santurce for nothing? I will not go now, but if you see that she is very ill, call at least five witnesses and let her say to them what she wants to say." That on the following day he was informed that Constancia Tinajero had died and he went to her house and took the affidavits of the eye-witnesses who were there.

There is no indication in all the evidence examined of the reason, if any, why it was impossible to reduce the last will of the testatrix to writing.

Aside from whether or not the witnesses properly showed their capacity; whether or not it was shown that Constancia Tinajero was actually conscious that she was in imminent

danger of death; whether or not it can be clearly inferred from the testimony of the witnesses that the statements of Constancia Tinajero were in fact the deliberate and solemn expression of her last will, and considering only the insufficiency of the evidence to show that it was impossible to reduce the will to writing, in accordance with the law and jurisprudence we must hold that the judgment appealed from should be affirmed.

Sections 709 and 711 of the Civil Code which we have cited are similar to sections 700 and 702 of the Spanish Civil Code, and in construing the latter the Supreme Court of Spain has held that nuncupative wills made while in imminent danger of death are null and void although the requirements of law for their validity are complied with, unless it is shown that it was impossible to reduce the wills to writing. See the judgments of the Supreme Court of Spain of February 16, 1891, 69 *J. C.* 231, and November 5, 1902, 94 *J. C.* 451, and also Manresa's Commentaries on the Spanish Civil Code, vol. 5, pp. 571–581, edition of 1910.

For the foregoing reasons the appeal must be dismissed and the judgment appealed from

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.